TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Brigitte Laneau*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brigitte Laneau, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC a Georgia corporation, Trans Union, LLC, a Delaware limited liability company, and Citibank, N.A., a foreign corporation. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COME THE PLAINTIFF, BRIGITTE LANEAU, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Gilbert, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona; and

2

c. Citibank, N.A. ("CBNA"), which is a national banking association that maintains registered offices in Baltimore, Maryland.

## GENERAL ALLEGATIONS

6. CBNA is reporting its trade line on Plaintiff's Equifax and Trans Union credit files with account number 603532025122* ("Errant Trade Line") with multiple charge offs.

7. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times. Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs. Each month that a charge off is repeatedly reported as a current derogatory, it has an unduly largely and devastating effect on Plaintiff's credit score. There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

8. Credit reporting s a collection activity that benefits the lender. By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until she pays the debt.

3

9. The multiple charge offs convey to any user or prospective of Ms. Laneau's credit reports that, not only did a charge incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

10. On or about August 27, 2015, Ms. Laneau obtained her credit files and noticed the Errant Trade Line.

11. On or about January 11, 2016, Ms. Laneau submitted a letter to Equifax and Trans Union, disputing the multiple charge offs on the Errant Trade Line.

12. Upon information and belief, Equifax and Trans Union transmitted Ms. Laneau's consumer dispute to CBNA.

13. On or about January 26, 2016, Ms. Laneau received Equifax's investigation results, which showed that CBNA retained the multiple charge offs on the Errant Trade Line.

14. On or about January 26, 2016, Ms. Laneau received Trans Union's investigation results, which also showed that CBNA retained the multiple charge offs on the Errant Trade Line.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CBNA**

15. Plaintiff realleges the above paragraphs as if recited verbatim.

4

16. After being informed by Equifax and Trans Union of Ms. Laneau's consumer dispute of the multiple charge offs of the Errant Trade Line, CBNA negligently failed to conduct a proper investigation of Ms. Laneau's dispute as required by 15 USC 1681s-2(b).

17. CBNA negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Trans Union to remove the multiple charge offs from the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Laneau's consumer credit files with Equifax and Trans Union to which it is reporting such trade line.

19. As a direct and proximate cause of CBNA's negligent failure to perform its duties under the FCRA, Ms. Laneau has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. CBNA is liable to Ms. Laneau by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Ms. Laneau has a private right of action to assert claims against CBNA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant CBNA for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CBNA

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax and Trans Union that Ms. Laneau disputed the accuracy of the information it was providing, CBNA willfully failed to conduct a proper reinvestigation of Ms. Laneau's dispute.

24. CBNA willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of CBNA's willful failure to perform its duties under the FCRA, Ms. Laneau has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. CBNA is liable to Ms. Laneau for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant CBNA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Laneau as that term is defined in 15 USC 1681a.

29. Such reports contained information about Ms. Laneau that was false, misleading, and inaccurate.

30. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Laneau, in violation of 15 USC 1681e(b).

31. After receiving Ms. Laneau's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Laneau has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Equifax is liable to Ms. Laneau by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Laneau as that term is defined in 15 USC 1681a.

36. Such reports contained information about Ms. Laneau that was false, misleading, and inaccurate.

37. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Laneau, in violation of 15 USC 1681e(b).

38. After receiving Ms. Laneau's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Laneau has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Equifax is liable to Ms. Laneau by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Laneau as that term is defined in 15 USC 1681a.

43. Such reports contained information about Ms. Laneau that was false, misleading, and inaccurate.

44. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Laneau, in violation of 15 USC 1681e(b).

45. After receiving Ms. Laneau's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Laneau has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Trans Union is liable to Ms. Laneau by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Laneau as that term is defined in 15 USC 1681a.

50. Such reports contained information about Ms. Laneau that was false, misleading, and inaccurate.

51. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Laneau, in violation of 15 USC 1681e(b).

52. After receiving Ms. Laneau's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Laneau has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Trans Union is liable to Ms. Laneau by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus

punitive damages along with costs, interest, and reasonable attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: April 15, 2016

                        KENT LAW OFFICES


                    By:  */s/  Trinette G. Kent*
                      Trinette G. Kent
                      Attorney for Plaintiff,
                      Brigitte Laneau