NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brigette Laneau,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC, et al.,<br><br>　　　　　Defendant(s). | No. CV-16-01066-PHX-JJT<br><br>**RULE 16 SCHEDULING ORDER** |

Pursuant to the terms of the Case Management Plan and the representations made by the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines established in this Order.

The court cautions the parties and their counsel that it will strictly enforce the deadlines set forth in this Rule 16 Scheduling Order. The court will not grant extensions to the dispositive motion cutoff date due to case processing problems, discovery disputes or settlement negotiations.

The Fed. R. Civ. P. as amended June 15, 2015, shall apply to all proceedings concerning this case.

1.　All Initial Disclosures as defined in Fed. R. Civ. P. 26(a), if not already disclosed prior to the Scheduling Conference, shall be made no later than **Completed**.

2.　To satisfy the requirements of Fed. R. Civ. P. 26(a), the parties shall file with the Clerk of the Court a Notice of Initial Disclosure, rather than copies of the actual disclosures.

3. Motions to amend the complaint and to join additional parties shall be filed no later than **September 2, 2016**.

4. Fact discovery shall be completed by **January 6, 2017**.

5. The Plaintiff(s) shall disclose the identity of all persons whom they may call at trial to present evidence under Fed. R. Evid. 702, 703, 704, and 705 no later than **October 7, 2016**. The Defendant(s) shall disclose the identity of all persons whom they may call at trial to present evidence under Fed. R. Evid. 702, 703, 704, or 705 no later than **November 4, 2016**. The parties shall disclose the identity of all rebuttal expert testimony no later than **November 25, 2016**. These disclosures shall be full and complete as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure.

The disclosures of the identities of all persons whom a party may call at trial to present evidence under Fed. R. Evid. 702, 703, 704, or 705 shall also include all of the disclosures required by Fed. R. Civ.P. 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony. No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order are made. Expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on or before the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

6. All discovery must be completed by **January 20, 2017**.

7. Discovery by interrogatory shall be governed by Fed. R. Civ. P. 33 unless otherwise ordered by the Court. Therefore, there is a limit of twenty-five (25) interrogatories, including discrete subparts.

8. Depositions shall be limited as provided by Rules 30 and 31 of the Fed. R. Civ. P.

9. The parties shall not file written discovery motions without leave of the court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed one page, with explanation of the position taken by each party and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the court shall also comply with LRCiv 7.2(j). If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the court – a circumstance that should be exceedingly rare – the parties shall jointly contact the court telephonically.

10. The parties must complete all pre-trial disclosure required under Fed. R. Civ. P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before **December 9, 2016**. This order governs and supersedes the "30 days before trial" disclosure deadline contained in Fed. R. Civ. P. 26(a)(3). Therefore, (1) failure to timely supplement Rule 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery requests, and (3) attempts to include witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed. R. Civ. P. 37, the Local Rules of the District Court, and the inherent power of the court.

11. Good Faith Settlement discussions are to be held no later than **February 3, 2017**.

1. 12. All dispositive motions, **including *Daubert* motions**, shall be filed no later than **February 24, 2017**. A party or parties represented by the same lawyer shall file **no more than one motion for summary judgment** unless leave of Court is obtained**.**

2. 13. All parties are specifically admonished that pursuant to LRCiv. 7.2(i),

> "if a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

3. 14. If no dispositive motions are pending before the Court after the dispositive motion deadline has passed, Plaintiff(s) shall file and serve within ten (10) days of the dispositive motion deadline, a Notice of Readiness for a status conference. If a dispositive motion is filed, the Court will schedule a status conference upon resolution of the motion.

Dated this 1st day of August, 2016.

_____
Honorable John J. Tuchi
United States District Judge